## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **Steve Wilson,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:20-cv-3131 |
| | ) |
| **Enhanced Recovery Company, LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Steve Wilson, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Enhanced Recovery Company, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 8014 Bayberry Road, Jacksonville, FL 32256.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Prior to May 15, 2020, the Defendant had been attempting to collect a debt from Plaintiff. According to Plaintiff's TransUnion credit report, Defendant opened this account in March of 2020. *See Exhibit "2" attached hereto*.

26. Plaintiff's May 12, 2020, TransUnion credit report shows that Defendant was attempting to collect on an account owed to Charter Communications, reference/account number xxxxx7539. *See Exhibit "2" attached hereto*.

27. On May 15, 2020, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff has legal counsel for the debts that the Defendant is attempting to collect. *See Exhibit "3" attached hereto*.

28. On May 19, 2020, the Plaintiff's legal counsel sent a letter to the Defendant. This letter indicated that the Plaintiff has legal counsel for the debts that the Defendant is attempting to collect. *See Exhibit "3" attached hereto*.

29. Upon information and belief, Defendant received the aforementioned letters. The law presumes timely delivery of a properly addressed piece of mail. Bobbit v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); *see also* Hayes v. Potter, 310 F.3d 979, 982 (7th Cir. 2002) ("We will generally presume timely delivery of properly addressed mail").

30. Despite this notice of legal representation, on June 29, 2020, the Defendant sent a dunning letter directly to the Plaintiff attempting to collect accounts owed to Brighthouse/Charter Communications, reference number xxxxx7539, in an attempt to collect a debt. *See Exhibit "4" attached hereto*.

31. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and reasonably believed that he had the protection against being contacted directly by debt collectors, Defendant's continued collection communications would make the unsophisticated consumer believe that his notice of legal representation had been futile and that he did not have the rights Congress had granted him under the FDCPA.

32. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 32 of the complaint are realleged and incorporated herewith by references.

2. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing contact him directly in an attempt to collect a debt despite the FDCPA's prohibition against such conduct.

3. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by continuing to contact a represented consumer directly in an attempt to collect a debt despite being prohibited from doing so by the FDCPA.

4. The Defendant contacted a consumer it knew to be represented by legal counsel which constitutes a violation of 15 U.S.C. § 1692c.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

6. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

7. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

8. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320

Email: john@johnsteinkampandassociates.com